```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                  STATESVILLE DIVISION
                    5:07CV35-02-V
                   (5:03CR45-1-V)
```

```
PHU HONG THACH,               )
     Petitioner,               )
                               )
          v.                   )         O R D E R
                               )
UNITED STATES OF AMERICA,      )
     Respondent.               )
_____)
```

**THIS MATTER** is before this Court upon the petitioner's form "Motion To Vacate, Set Aside Or Correct Sentence . . . " under 28 U.S.C. §2255, filed March 16, 2007. For the reasons stated herein, the petitioner's Motion to Vacate will be <u>dismissed</u> as time-barred.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

According to the record of his underlying criminal case, on October 28, 2003, the petitioner was charged with possessing with the intent to distribute a quantity of Methylenedioxy methamphetamine, also known as "MDMA" and "Ecstasy," a Schedule I controlled substance, all in violation of 21 U.S.C. §841(a)(1).

On February 11, 2004, the petitioner entered into a written Plea Agreement by which he agreed to plead guilty to that charge. Such written Agreement stipulated, <u>inter alia</u>, that the amount of MDMA involved in the offense was 6,429 grams, or the equivalent of 3,000 to 10,000 kilograms of marijuana; and that the

corresponding offense level was 34.

Next, on March 31, 2004, the petitioner appeared before the Court for a Plea & Rule 11 Hearing. On that occasion, the Court engaged the petitioner in its standard, lengthy colloquy to ensure that he fully understood what he was doing, and was proceeding on his own volition. After hearing the petitioner's answers to its numerous questions, the Court found that his guilty plea was being intelligently and voluntarily tendered, and so the Court accepted the plea.

Ultimately, on August 10, 2004, the Court conducted a Factual Basis & Sentencing Hearing for the petitioner. During that proceeding, the Court affirmed its acceptance of the petitioner's guilty plea. Then, after hearing from the parties, the Court sentenced the petitioner to 108 months imprisonment. The Court's Judgment was filed on September 22, 2004.

Following the entry of that Judgment, the petitioner did <u>not</u> appeal his case to the Fourth Circuit Court of Appeals. Rather, after waiting more than two years, the petitioner has come back to this Court with the instant Motion to Vacate. By this Motion, the petitioner argues only that counsel was ineffective for his having failed to seek a downward departure on the basis of a 1994 case[1] from the District of Nebraska. More particularly, the pe-

---

[1] <u>United States v. Vue</u>, 865 F.Supp. 1353 (D. Neb. 1994) (approving four-level downward departure under U.S.S.G. §5K2.0 for two Vietnamese middle-aged defendants who were convicted of trafficking in significant amount of opium after having fled homeland to avoid threat of persecution and death in retali-

2

titioner claims that he is a Vietnamese refugee who fled his homeland to avoid the threat of persecution in retaliation for his father's having fought with America against the Viet-Cong. The petitioner further claims that after the war, his family members were treated as traitors and sent to live in the New Economy Zone, where there were no houses or schools. The petitioner also claims that at the time of his offense, he had no education, could not speak English, and had no employment experience. Thus, the petitioner believes his former attorney should have sought a departure for him under U.S.S.G. §5K2.0.

Nevertheless, notwithstanding whether or not the petitioner's claim has any merit, it is apparent that the instant Motion to Vacate is subject to dismissal as being time-barred.

## II. **ANALYSIS**

Indeed, as noted on the petitioner's form Motion to Vacate, in 1996 Congress enacted the Antiterrorism and Effective Death Penalty Act (hereafter, the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. §2255 by imposing a 1-year statute of limitations period for the filing of a motion to vacate. The amendment provides:

A 1-year period of limitation applies to a motion under this section. The limitation period shall run from the latest of—

---

ation for their having supported democratic interests, and who were illiterate, unable to speak English, and virtually had no marketable employment experience).

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As already noted, the Court entered its final Judgment on September 22, 2004, and the petitioner did not directly appeal his case to the Fourth Circuit Court of Appeals. Accordingly, the petitioner's conviction and sentence became final on or about October 6, 2004--that is, at the expiration of the ten-day period during which he could have had his appeal noted. Fed.R.App.P.-4(b)(1); see Clay v. United States, 537 U.S. 522, 525 (2003). Consequently, the petitioner had up to and including September 6, 2005 in which to file the instant Motion to Vacate. Obviously, the petitioner did not file this Motion by that deadline.

The petitioner properly has recognized that his Motion to Vacate likely could be construed as time-barred. That is, the petitioner's form-Motion to Vacate expressly admonished[2] him that

---

[2] In January 2002, the Fourth Circuit Court of Appeals decided the case of Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002). In Hill, the Court concluded that "when a federal habeas court, prior to trial, perceives a pro-se [petition or motion to vacate] to be untimely and the state has not filed a motion to dismiss based upon the one-year limitations period, the [district] court must warn the petitioner that the case is subject to dismissal . . .

4

if he were filing his Motion more than one year after his Judgment had become final, such Motion could be construed as time-barred. Thus, the petitioner set out to establish that his claim somehow has been timely presented. That is, the petitioner reports that he "just knows this information from new inmate lately." That explanation, however, is not compelling.

Indeed, the newly discovered information upon which the petitioner seeks to rely--a case from another jurisdiction which would not be binding upon this Court in any event--actually has been available since 1994. Therefore, the petitioner simply is not entitled to have his one-year deadline treated as if it began to run on the date on which he learned of that case. In other words, even assuming that the case in question could have been applied at the petitioner's sentencing, he has failed to establish that he could not have, through the exercise of due diligence, discovered that case prior to the expiration of his 2005 filing deadline.

Similarly, the petitioner has failed to show why his case should fall among those "rare instances" in which it would be unconscionable for this Court to enforce the limitations period

---

absent a sufficient explanation." Consistent with that requirement, in December 2004, the Administrative Office of the Courts modified the federal habeas form to comply with Hill's notice provision. The new form now includes a section which directs the petitioner to address the "timeliness of [his/her] Petition. In particular, question 18 on the new form advises the petitioner that if his/her conviction became final more than one year before the time that the Petition is being submitted, he/she "must explain why the one-year statute of limitations contained in 28 U.S.C. §2255 [also set forth on the form] does not bar [your] motion."

against him. Therefore, the time during which the petitioner delayed bringing this Motion cannot be equitably tolled. See Rouse v. Lee, 339 F.3d 238, 246 (4th Cir.) (en banc) (discussing the requirements for equitable tolling), cert. denied, 541 U.S. 905 (2004); and United States v. Sosa, 364 F.3d 507, 511-13 (4th Cir. 2004) (same).

### III. CONCLUSION

The AEDPA requires, among other things, that petitioners seeking to bring Motions to Vacate under 28 U.S.C. §2255 do so within the time limitations prescribed by that statute. Here, the petitioner has failed to meet that requirement, and he has failed to establish any other basis for construing his Motion as timely filed. Accordingly, the petitioner's Motion to Vacate shall be dismissed as time-barred.

### IV. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the instant Motion to Vacate is **DISMISSED** as untimely filed.

**SO ORDERED.**

Signed: March 30, 2007

Richard L. Voorhees
United States District Judge

6